RECEIVED

APR - 8 2011

TONY R. MOORE, CLERK

BY _____
           DEPUTY

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**SHREVEPORT DIVISION**

| | |
|---|---|
| AMY GRIFFIN | CIVIL ACTION NO: 10-0746 |
| VERSUS | JUDGE DONALD E. WALTER |
| ROBERT W. MULLEN<br>ARLENE MULLEN<br>d/b/a TOOLS TOOLS TOOLS<br>WELDING SUPPLIES | MAGISTRATE JUDGE HORNSBY |

## **ORDER**

Before the Court are two motions: Plaintiff's Motion for Default Judgment [Doc. #16] and Defendant Robert W. Mullen's Motion to Continue all Proceedings [Doc. #18].   Upon due consideration, Plaintiff's motion [Doc. #16] is **GRANTED**.   Defendant's motion [Doc. #18] is **DENIED**.

A party moving for default judgment must also show the amount of damages.  If the claim is for a sum certain a default judgment may be entered without a hearing. *James v. Frame*, 6 F.3d 307, 310 (5th Cir.1993).  When the damages are unliquidated or incapable of being calculated the Court may require an evidentiary hearing.  Fed. R. Civ. P. 55(b)(2).  The entry of a judgment in this matter is reserved pending an evidentiary hearing regarding damages.  By separate order, a hearing will be set for Plaintiff to offer proof regarding the amount of damages as to each claim.  Further, Plaintiff will be required to prove the number of persons employed by Defendants, which is necessary for the calculation of damages under Title VII.

**THUS DONE AND SIGNED**, this _____ 8 _____ day of April, 2011.

DONALD E. WALTER
UNITED STATES DISTRICT JUDGE